FILED '08 JAN 11 14:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J. SCOTT EBERZ,

    Plaintiff,

vs.

OREGON DEPARTMENT OF STATE POLICE, and Agency of the State of Oregon, ALFRED C. BATHKE, JAMES RAGON, aka JIM RAGON, CRAIG DURBIN, CYNTHIA KOK, PETER SPIRRUP, and DAVID REESE,

    Defendants.

Civ. No. 06-CV-641-TC

ORDER AND OPINION

Coffin, Magistrate Judge:

    Before the court is plaintiff's Motion to Dismiss Defendant Oregon State Police's Counterclaims (#127). For the reasons that follow, I decline to exercise supplemental jurisdiction over the counterclaims and dismiss them without prejudice on that basis.

## Background and Discussion

    Plaintiff brought a number of claims against his employer, Oregon State Police (OSP), stemming from allegations that he

1 Opinion and Order

suffered retaliation and termination for reporting related to certain billing practices associated with casino licensing. Plaintiff remains employed by OSP during this litigation, although he was earlier terminated based on events at issue in this suit and then reinstated after an arbitration proceeding.

OSP asserts that evidence surfaced during the discovery process indicating that plaintiff disclosed privileged and confidential information gathered in his capacity as an investigator for gaming license applicants. OSP further argues that, had this information been included in an arbitration proceeding held after plaintiff's termination, he would not have been reinstated as an OSP employee. In OSP's view, plaintiff was not entitled to reinstatement due to the alleged misconduct, and his current employment was made possible only due to plaintiff's misrepresentations about the alleged misconduct.

Based primarily on this theory, OSP asserts counterclaims of (1) Money Had and Received; (2) Fraudulent Misrepresentation; and (3) Breach of Fiduciary Duty. OSP contends that damages resulting from the torts consist of wages paid to plaintiff during the period after his reinstatement, which was (in their view) made under false pretenses.

Plaintiff asserts that Oregon law cannot support any of the three claims. Relief on Money Had and Received requires a demonstration of indebtedness from defendant to plaintiff and defendant's lack of rights to money owed. <u>Adams v. Crater Well Drilling</u>, 556 P.2d 679, 680 n.3 (Or. 1976). Here, plaintiff argues that the essence of the claim is predicated on the breach of confidentiality and other terms in plaintiff's employment

2 Opinion and Order

arrangement with OSP; as such, it is a thinly disguised contract or employment claim. It is unclear whether Money Had and Received finds application under these circumstances; no Oregon case law demonstrates that wages earned in employment sustained under deception can constitute the type of indebtedness required to state such a claim.

With respect to Fraudulent Misrepresentation, OSP must demonstrate that plaintiff deceived OSP into continuing his employment and that OSP was damaged as a result of relying on plaintiff's alleged misrepresentations. See generally Williams v. Collins, 600 P.2d 1235 (Or. App. 1979) (illustrating elements). As plaintiff asserts, the claim is based on the contention that plaintiff violated some obligations owed under his employment with OSP, and that OSP suffers harm by continuing to employ a person who has disclosed investigative or other information, and who has violated certain personnel policies. The court finds no clear authority in Oregon law that would allow an employer to state a tort claim to remediate the situation that OSP alleges.

Similarly, OSP's Breach of Fiduciary Duty counterclaim tests the boundaries of Oregon law. In OSP's view, plaintiff had independent fiduciary duties to OSP arising not from his employment arrangement, but from statute, oath, and conduct code, which included the duty to safeguard confidential information. Plaintiff asserts that the nature and scope of plaintiff's duties to OSP inhere in the employment relationship, and he correctly explains that Oregon law instead contemplates fiduciary duties in the context of arm's-length agency relationships, such as those

3 Opinion and Order

between a realtor and client, attorney and client, or physician and patient. See generally, Conway v. Pacific University, 924 P.2d 818, 823-24 (Or. 1996) (describing heightened duties in trade relationships). Oregon law has not addressed the question of an officer's fiduciary duty to his public employer.

Finally, in plaintiff's view, an award of damages in the amount of plaintiff's salary with respect to any of the counterclaims would have the effect of "terminating" plaintiff notwithstanding his reinstatement pursuant to the arbitration proceeding. In other words, a damage award that would require plaintiff to pay back his wages and essentially work for free would have the effect of ending his current employment. As such, the relief sought would constitute a termination outside the parameters of the Collective Bargaining Agreement to which plaintiff and OSP are mutually bound.

OSP agrees that application of these tort theories within the context of an employee-employer relationship would be novel and, given the current state of the law in Oregon, unusual.

The court may decline to exercise its supplemental jurisdiction over state law claims that require resolution of novel legal questions. See 28 U.S.C. § 1367(c)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection if the claim raises a novel or complex issue of State law[.]") (internal section numbers omitted); O'Connor v. State of Nevada, 27 F.3d 357, 363 (9th Cir. 1994). Because OSP raises counterclaims that raise novel, complex, and indeed imaginative issues of Oregon tort law, the court declines to exercise its supplemental jurisdiction over those claims.

4 Opinion and Order

## Conclusion

Plaintiff's motion to dismiss (#127) is granted. OSP's counterclaims are dismissed without prejudice.

IT IS SO ORDERED.

Dated this 11th day of January, 2008.

/s/ Thomas M. Coffin
THOMAS M. COFFIN
United States Magistrate Judge