FILED '10 JAN 22 09:23 USDC-ORE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

SCOTT J. EBERZ,                                                        06-0641-TC

Plaintiff,

v.                                                   OPINION and ORDER
                                              on Defendant's Motion for
OREGON DEPARTMENT OF STATE                              Summary Judgment
POLICE, ALFRED C. BATHKE, JAMES
RAGON aka JIM RAGON, CRAIG DURBIN,
CYNTHIA KOK, PETER SPIRRUP, and
DAVID REESE,

                                   Defendants.
_____

COFFIN, Magistrate Judge:

Plaintiff, Scott Eberz, brings suit alleging a violation of 42 U.S.C. § 1983 based on freedom

of speech along with various state law claims which are before this court by virtue of supplemental

jurisdiction. Defendants move for summary judgment on plaintiff's section 1983 claim. (Doc. 312.)

I heard oral argument on this motion on January 14, 2010. For the reasons below, I grant summary

judgment on plaintiff's section 1983 claim and dismiss this claim with prejudice. Both parties argue

that without a viable federal claim, the court should decline to exercise supplemental jurisdiction

Page 1 - ORDER and OPINION

over the remaining state law claims. I agree and dismiss the state law claims without prejudice.

## Background

This being the second summary judgment motion in this proceeding, the parties are undoubtedly familiar with the facts. Accordingly, I provide only a brief summary of the facts relevant to the instant Motion. Plaintiff was employed by the Oregon State Police (OSP) from 1994 until January 2006, when he was terminated in part for providing a confidential background investigation draft report regarding Galaxy Gaming that belonged to the OSP to Randy Sitton of the National Indian Gaming Commission in connection with a personal job opportunity. Plaintiff initiated the instant lawsuit and also grieved his termination through his union. An Arbitration was held in January 2007. The Arbitrator concluded that plaintiff should not have been terminated for the disclosures to Sitton and awarded him his job back. Plaintiff returned to work in April 2007. A little over one month later, he was placed on administrative leave. In July 2008, after being on administrative leave for over a year, plaintiff was terminated a second time. His termination letter explained that his termination was due to evidence obtained during the discovery in the instant lawsuit.

On June 2, 2008, about a month before his second termination, plaintiff was indicted on multiple criminal charges in Marion County, Oregon based on actions he took while employed by OSP, including disclosing the confidential Galaxy Gaming background investigation. On June 8, 2008, plaintiff pled guilty to Count 3 of the indictment, a violation of ORS 162.415 Official Misconduct in the First Degree, a class A misdemeanor, which stemmed from plaintiff's disclosure of the Galaxy Gaming background investigation draft report. At the January 14, 2010 oral argument, plaintiff's counsel conceded that the Galaxy Gaming draft background investigation report was the

report which plaintiff disclosed to Sitton. Over a year later, in March 2009, Oregon Department of

Public Safety Standards and Training (DPSST) revoked plaintiff's police certification. A DPSST

certification is required to work in law enforcement in Oregon.

### Standards

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists

or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477

U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant

to produce specific evidence to establish a genuine issue of material fact or to establish the existence

of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th

Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir.

2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials

in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for

trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable

substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes

are genuine if they "properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all

reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Under the doctrine of supplemental jurisdiction, federal courts have the discretion to retain or dismiss state law claims when the federal basis for an action drops away. 28 U.S.C. § 1367; Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). "If federal claims are dismissed before trial...the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).

## Discussion

Defendants argue that they are entitled to summary judgment on plaintiff's section 1983 free speech claim because his guilty plea to official misconduct is a judicial admission which establishes that the speech leading to his termination was not protected.

In order to withstand summary judgment, plaintiff must establish that (1) he engaged in protected speech; and (2) a jury question exists regarding whether defendants took adverse employment action based on his protected speech. Marable v. Nitchman, 511 F.3d 924, 929 (9th Cir. 2007). The First Amendment does not guarantee absolute freedom of speech. Board of County Comm'n, Wabaunsee County, Kan. v. Umbehr, 518 U.S. 668, 675-676 (1996). Speech cannot be simultaneously constitutionally protected and criminal. See, e.g. Hartman v. Moore, 547 U.S.250, 265-66 (2006) (holding that when a plaintiff claims prosecution in retaliation for an exercise of a First Amendment right, the plaintiff must plead and prove that the defendant lacked probable cause). Dietrich v. John Ascuaga's Nugget, 548 F.3d 892 (9th Cir. 2008)(no basis for section 1983 free speech claim when plaintiff was arrested on a traffic violation while trying to gather signatures).

Here, defendants have alleged from the beginning of this suit that they fired plaintiff for

Page 4 - ORDER and OPINION

engaging in misconduct, not in retaliation for engaging in protected speech; thus entitling them to judgment as a matter of law on plaintiff's section 1983 claim. In my earlier summary judgment ruling, I concluded that plaintiff's speech to Sitton, which was the disclosure of the Galaxy Gaming draft background investigation, was protected as a matter of law and that the timing of the investigation and plaintiff's termination raised an issue of material fact that such may have been motivated in part to retaliate against plaintiff's protected speech. (March 14, 2008 Order pp. 27-32.)

By virtue of his June 8, 2009 plea, plaintiff has admitted that his speech to Sitton, which was the disclosure of the Galaxy Gaming draft background investigation, was a criminal act of official misconduct. As a matter of law, such speech is not protected. Thus, plaintiff cannot establish that protected speech was a substantial and motivating factor for his termination. Marable v. Nitchman, 511 F.3d 924, 929 (9th Cir. 2007). Although plaintiff's counsel asserts that there were other instances of protected speech–to the Attorney General and Secretary of State for instance–and that plaintiff's July 2008 termination letter states that the basis for the termination was not the pending criminal charges, that makes no difference here. The record as it exists now establishes that plaintiff's disclosure to Sitton of the Galaxy Gaming draft background investigation was criminal conduct rather than protected speech. From the onset of this case, defendants have asserted that they fired plaintiff for misconduct, including his disclosures to Sitton. Until recently, plaintiff has contended that he engaged only in protected speech and no misconduct. Now, plaintiff admits misconduct. Accordingly, in light of his admission, defendants had a lawful reason to terminate plaintiff and plaintiff cannot raise a jury issue regarding whether he was retaliated for engaging in protected speech. Dietrich, 548 F.3d 892. His section 1983 claim cannot withstand summary judgment.

Page 5 - ORDER and OPINION

Both parties agree that on the event of dismissal of the federal claim, the remaining state law claims should be dismissed. Plaintiff requests that the claims be dismissed without prejudice, while defendants simply request dismissal. Accordingly, I dismiss the remaining state law claims without prejudice to refiling them in state court.

Finally, I consider plaintiff's motion to strike reference to all parts of his Marion County Grand Jury indictment except Count 3 from defendants' summary judgment motion exhibits. He basis his motion on a contention that the other Counts of the indictment are irrelevant. I disagree and deny plaintiff's motion to strike. The indictment references conduct at issue in this suit, and as such is relevant.

## Conclusion

I grant defendant's motion for summary judgment (doc. 312) in part. I grant summary judgment on plaintiff's 42 U.S.C. § 1983 free speech claim and order this claim dismissed with prejudice. I decline to retain jurisdiction over the remaining state law clams and order these claims dismissed without prejudice.

Plaintiff's motion to strike (doc. 320) is denied.

Defendants' motion for reconsideration of dismissal of counterclaims (doc. 333) and defendants' motion to reset trial date (doc. 328) are denied as moot.

IT IS SO ORDERED

DATED this 22 day of January 2010 .

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - ORDER and OPINION